Meredith

v.

Meredith et al.

March 9, 1994

Case No. (Chancery) CH92-1228

BY JUDGE EDWARD W. HANSON, JR.

This matter is before the court on a Bill for Aid and Direction. There are two questions presented to the court. First, whether an assignment by John Scott Meredith of $100,000.00 of his expected inheritance from his mother, Marie B. Meredith, to Robert L. Mott is enforceable. Second, whether a $35,000.00 deed of trust note is extinguished by paragraph VIII(c) of Marie B. Meredith's will.

Mr. Mott contends that the $100,000.00 assignment of the expectancy is an enforceable contract, taking priority over the judgment issued in federal court proceedings. Based on the testimony given and evidence presented, it is clear that the $500,000.00 payment previously made by Meredith to Mott was made under the threat of prosecution. This threat arises from a letter dated November 22, 1988. As such, the contract was an illegal contract, unenforceable by the court.

The evidence further supports the finding that the subsequent assignment of the expectancy was also made under a threat of prosecution. The testimony shows that when the assignment was made, Meredith did not think he owed any money to Mott and that another threat of prosecution was made. Therefore, based on Virginia Code § 18.2-462 and *Ellis v. Peoples Nat'l Bank of Manassas*, 166 Va. 389 (1936), the assignment of the $100,000.00 expectancy is found to be unenforceable as an illegal contract.

Paragraph VIII(c) of Marie B. Meredith's will reads:

The share for John Scott Meredith, or his issue, as the case may be, shall include at face value as fair market value any and all

interest that I may own or have in any and all promissory notes or other evidences of indebtedness issued to me by John Scott Meredith.

The promissory note in question was "made" by Melissa Meredith as president of Genesis Properties, Inc., and personally endorsed by John Scott Meredith. The note states that the obligation created is "joint and several as to all makers . . . and endorsers."

Considering the intent of the testator, it is clear to this court that this note was "evidence of indebtedness issued to [her] by John Scott Meredith." It is this court's opinion that Marie B. Meredith knew her son was obligated on that note and that this was the type of indebtedness that she intended to be extinguished, subtracting the amount from John Scott Meredith's share of the inheritance.

As for the plaintiff's contention that the two other beneficiaries of the will are prejudiced by the extinguishment of the note, the court finds no merit. The obligation which is forgiven is subtracted from John Scott Meredith's share of the residuary estate. The note is included as an asset of the estate and only after distribution of one-third to each beneficiary is the share removed. They remain in the same position.

Therefore, this court finds that the assignment of the $100,000.00 expectancy is unenforceable and the $35,000.00 note is extinguished by the terms of the will and subtracted from John Scott Meredith's share of the inheritance. The remaining share of John Scott Meredith's inheritance is subject to the attachment order issued by the federal court.